United States District Court
Southern District of Texas
**ENTERED**
January 25, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KIRK ALRICK YOUNG, § <br> § <br> *Plaintiff*, § <br> § <br> v.  § <br> § <br> ANDREW SAUL[1], § <br> COMMISSIONER OF THE § <br> SOCIAL SECURITY ADMINISTRATION, § <br> § <br> *Defendant*.  § | Civil Action No.: 4:19-cv-04990 |

## **MEMORANDUM AND ORDER**

Young filed the present action under the Social Security Act, 42 U.S.C. §§ 405(g) for review of the Commissioner's final decision denying her request for disability insurance benefits. Young and the Commissioner filed cross-motions for summary judgment. Dkt. 17, 19. Having considered the motions, the record, and the applicable law, the Court **GRANTS** Young's Motion (Dkt. 17), **DENIES** the Commissioner's Motion (Dkt. 19) and **REMANDS** the final decision of the Commissioner for further consideration consistent with this Memorandum and Order.[2]

### **I. Background**

**1. Procedural History**

Young filed a Title II claim for social security disability benefits and Title XVI claim for supplemental security income on August 18, 2016. Following the denial of his application and

---

[1] Andrew Saul is now the Commissioner of Social Security and is automatically substituted as a party pursuant to FED. R. CIV. P. 25(d). See also § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).
[2] The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including entry of final judgment. Dkt. 5.

1

subsequent request for reconsideration, Young requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 148-49. A hearing took place on December 7, 2018. Tr. 31-57. The ALJ issued a decision on January 2, 2019 finding that Young was not disabled within the meaning of the Social Security Act. Tr. 15-24. The Appeals Council denied review on August 26, 2019 and the ALJ's decision became the final decision of the Commissioner. Tr. 1; *see* 20 C.F.R. §§ 404.981, 416.1481.

## 2. Standard for Review of the Commissioner's Decision

Federal court review of the Commissioner's final decision to deny Social Security benefits is limited to two inquiries: (1) whether the Commissioner applied the proper legal standard and (2) whether the Commissioner's decision is supported by substantial evidence. *Garcia v. Berryhill*, 880 F.3d 700, 704 (5th Cir. 2018); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). When reviewing the Commissioner's decision, the court does not reweigh the evidence, try the questions de novo, or substitute its own judgment for that of the Commissioner. *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002) (citing *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000)). Conflicts in the evidence are for the Commissioner to resolve, not the courts. *Id*.

## 3. Disability Determination Standards

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must follow a five-step sequential analysis to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

At the first step, the ALJ decides whether the claimant is currently working or "doing substantial gainful activity." *Id*. at §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If so, the claimant is

not disabled. At the second step, the ALJ must determine whether the claimant has a severe impairment. *Id*. at §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant's impairment does not have a de minimis impact on her ability to work, she is not disabled. *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018). The third step of the sequential analysis requires the ALJ to determine whether the claimant's severe impairment meets or medically equals one of the listings in the regulation known as Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. pt. 404, subpt. p, app. 1. If so, the claimant is disabled. If not, the ALJ must determine the claimant's "residual functional capacity" (RFC). "The RFC is the individual's ability to do physical and mental tasks on a sustained basis despite limitations from her impairments." *Giles v. Astrue*, 433 F. App'x 241, 245 (5th Cir. 2011). At step four, the ALJ determines whether the claimant's RFC permits her to perform her past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If not, the ALJ determines at step five whether the claimant can perform other work that exists in the national economy. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). The claimant bears the burden to prove disability at steps one through four, but the burden shifts to the Commissioner at step five. *Newton v. Apfel*, 209 F.3d 448, 452-53 (5th Cir. 2000).

**4. The ALJ's Decision**

The ALJ performed the standard five-step sequential analysis, finding that Young met the insured status requirements of the Act through December 31, 2020; has not engaged in substantial gainful activity since his alleged onset date of August 12, 2016; and has the severe impairments of non-ischemic cardiomyopathy with implantation of pacemaker and obesity. Tr. 17. The ALJ determined Young has the non-severe impairments of diabetes, status post-pacemaker implantation, cataracts, poor vision, obstructive sleep apnea, and alcoholic hepatitis. Tr. 18.

The ALJ determined at step three that none of Young's impairments, alone or in combination, meet or equal the severity of one of the listed impairments in Appendix 1 after specifically considering Listing 4.04 for ischemic heart disease. *Id*. The ALJ found Young has the RFC to

> perform light work except he can lift, carry, push and pull twenty pounds, occasionally and ten pounds, frequently. [Young] can sit, stand, and walk for a total of six hours a day intermittently in an eight-hour workday. The walking would be limited to fifteen-minute intervals, and the standing would be limited to thirty-minute intervals. The claimant is limited to occasional crouching, crawling, kneeling, stooping, climbing of stairs and ramps, or balancing. [Young] can never use scaffolding, ropes, and ladders, nor should [he] work around dangerous machinery or at unprotected heights.

Tr. 18-19. Based on the medical records, opinions, and testimony of the vocational expert, the ALJ determined Young cannot perform his past relevant work. Tr. 22. Considering Young's age, education, work experience, and RFC, the ALJ determined jobs exist in significant numbers in the national economy that Young can perform. Tr. 23. For that reason, the ALJ concluded Young had not been under a disability from August 12, 2016 through the date of her decision. Tr. 24.

## II. Analysis

In his Motion for Summary Judgment, Young argues the ALJ erred by assigning less than controlling weight to the opinion of Young's treating physician, Dr. Amell. Dkt. 17 at 2. Young also argues the ALJ committed legal error when assessing Young's subjective complaints. *Id*. The Court agrees that that the ALJ erred when, in the absence of any other first-hand or examining medical opinion, the ALJ failed to address the factors set forth in 20 C.F.R. § 404.1527 when setting forth her basis for affording less than controlling weight to the treating physician's opinion. Because the Court cannot say this error was harmless, the Court remands the Commissioner's final decision for further consideration consistent with this Memorandum and Order.

4

1. **The ALJ erred by failing to address the § 404.1527 factors when assigning less than controlling weight to Dr. Amell's opinion in the absence of a medical opinion from any other examining physician.**

Young argues the ALJ erred in her treatment of the two opinions offered by Young's treating physician, Dr. Amell. In his first opinion given in August 2017, Dr. Amell opined that Young: would be absent from work at least 5 days per month due to his impairments; could never walk, stoop, or climb; could only infrequently[3] sit or stand; and could only occasionally[4] lift up to five pounds, infrequently lift up to ten pounds, and never lift any more than ten pounds. Tr. 547-548. Dr. Amell found Young would need three or four unscheduled breaks during the workday in order to lay down for one hour. Tr. 548. After discussing certain inconsistencies between Dr. Amell's opinion and the medical record, the ALJ assigned the opinion "some weight." Tr. 21-22.

Dr. Amell gave a second opinion one year later. In his August 2018 opinion, Dr. Amell stated that Young had a permanent disability that limited him to a maximum of two hours per day of sitting, standing, walking, climbing ladders or stairs, kneeling or squatting, and keyboarding. Tr. 694. He also opined Young could never bend, stoop, or carry any weight at all. *Id.* Dr. Amell described Young as "very symptomatic," noting diagnoses of non-ischemic cardiomyopathy and heart disease. Tr. 695. Finding Dr. Amell's 2018 opinion also to be inconsistent with the medical record, the ALJ assigned "little weight" to the 2018 opinion. Tr. 22.

In *Newton,* the Fifth Circuit held that an ALJ must afford controlling weight to a treating physician's opinion unless good cause supports assigning the opinion less weight, little weight, or even no weight. *Newton*, 209 F.3d at 455; *Alam v. Saul*, Civil Action No. H-19-2840, 2020 WL 5232900, at *14 (S.D. Tex. Sep. 2, 2020) (citing *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001));

---

[3] "Infrequently" is defined in the opinion as "little if at all on some days." Tr. 547.
[4] "Occasionally" is defined in the opinion as "very little up to 1/3 of an 8-hour workday." *Id*.

*see also* 20 C.F.R. § 404.1527(d)(2)).[5] Good cause to assign less than controlling weight to a treating physician's opinion exists where the opinion is "conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton*, 209 F.3d at 456. The ALJ must assess the appropriate weight to assign the opinion based on the factors provided in 20 C.F.R. § 404.1527(c). *Alam*, 2020 WL 5232900, at *14. These factors are

> (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and the extent of the treatment relationship; (4) the support of the physician's opinion afforded by the medical evidence of the record; (5) the consistency of the opinion with the record as a whole; (6) and the specialization of the treating physician.

20 C.F.R. § 404.1527(c)(2). *Newton* explains further that an ALJ need not consider the § 404.1527(c) factors where there is "competing *first-hand medical evidence* and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another" or when "the ALJ weighs a treating physician's opinion on disability against the medical opinion of other physicians who have *treated or examined* the claimant and have specific medical basses for a contrary opinion." *Newton*, 209 F.3d at 458 (emphasis added) (citations omitted). Indeed, the Fifth Circuit has clarified "[t]he *Newton* court limited its holding to cases where the ALJ rejects the *sole* relevant medical opinion before it." *Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009). Therefore, "absent reliable medical evidence *from a treating or examining physician* controverting the claimant's treating specialist, the ALJ may reject the opinion of the treating physician *only* if the

---

[5] The Social Security Administration has published a new rule that applies to claims filed on or after March 27, 2017, which eliminates the rule that treating sources be given controlling weight. *See* 20 C.F.R. § 404.1520c. However, Young filed his claim before March 27, 2017 and, therefore, the treating physician rule still applies. *See Motley v. Berryhill*, Civil Action No. 3:18-CV-00090, 2019 WL 1060894, at *3 n.1 (S.D. Tex. Jan. 25, 2019) (citations omitted).

ALJ performs a detailed analysis of the treating physician's view under the criteria set forth in 20 C.F.R. § [404.1527(c)(2)]." [6] *Newton*, 209 F.3d at 453 (emphasis added).

In this case, the ALJ found good cause to assign less than controlling weight to Dr. Amell's opinions but failed to discuss the § 404.1527(c) factors. As was the case in *Newton*, "[t]his is not a case where there is competing first-hand medical evidence and the ALJ [found] as a factual matter that one doctor's opinion is more well-founded than another." *Id*. at 458. Instead, the ALJ relied on opinions that do not constitute competing first-hand medical evidence when assigning little weight to Dr. Amell's opinion.

The competing medical evidence considered by the ALJ consisted of the opinion of a state agency consultant, Dr. Hermon, and the opinion of a consultative examining optometrist, Dr. Ho.[7] Dr. Hermon's opinion is based on her second-hand review of Young's medical records and, therefore, does not constitute first-hand medical evidence. *See Karen D. v. Berryhill*, No. 6:18-CV-0001-BL, 2019 WL 1228200, at *14 (N.D. Tex. Mar. 15, 2019) (explaining state agency consultant opinions are not first-hand medical evidence where they were formed on a second-hand basis from a review of existing medical records). Although Dr. Ho did examine Young prior to giving his opinion, the opinion is limited to Young's visual impairments only (Tr. 555-59) and cannot be a competing first-hand medical opinion to which Dr. Amell's opinion can be compared. Because the record did not contain a competing opinion from an examining physician, the ALJ was required to discuss the § 404.1527(c) factors to demonstrate good cause for assigning only

---

[6] The original text in *Newton* refers to "the criteria set forth in 20 C.F.R. § 404.1527(d)(2), but this section was renumbered without substantive change to 20 C.F.R. § 404.1527(c)(2)." *Nguyen v. Colvin*, No. 4:13-CV-2957, 2015 WL 222328, at *10 n.5 (S.D. Tex. Jan. 14, 2015).

[7] The record also includes a later state agency medical consultant opinion given by Dr. Beazley that the ALJ did not address in her written decision. Tr. 81-95.

"some" or "little" weight to Dr. Amell's opinions. The ALJ failed to discuss the six factors described in *Newton* and set forth in § 404.1527(c) and, therefore, committed legal error.

Further, the Court cannot find that the error was harmless. While it is possible that, after an analysis of the *Newton* factors, the ALJ would have come to the same conclusion and assigned only some and little weight to Dr. Amell's opinions while assigning great weight to Dr. Hermon's opinion, "a court cannot review the decision without its rationale or explanation." *Jackie F. v. Saul*, Civil Action No. 3:19-CV-1441-B, 2020 WL 5211064, at *5 (N.D. Tex. Aug. 31, 2020) (quoting *Schmedeke v. Saul*, Civil Action No. 4:19-CV-02035, 2020 WL 3000785, at *6 (S.D. Tex. June 4, 2020)). Had the ALJ conducted the proper § 404.1527(c) analysis, she might have either (1) assigned greater weight to Dr. Amell's opinions, or (2) decided to order a consultative examination or otherwise more fully develop the record. Either decision ultimately could have led to a different result. *See Jackie F.*, 2020 WL 5211064, at *7 (finding error warranted remand because the ALJ may have assigned greater weight to the treating physician's opinion or developed additional medical evidence had he undergone the proper § 404.1527(c) analysis); *see also Karen D.*, 2019 WL 1228200, at *15 (finding error warranted remand on similar bases). Because the ALJ failed to expressly address all of the *Newton* factors in the absence of competing first-hand medical evidence, remand for consideration of those factors is required. *See Jackie F.*, 2020 WL 5211064, at *7 (finding remand required under *Newton* where the ALJ erroneously failed to consider the § 404.1527(c) factors); *Torres v. Colvin*, Civil Action No. 4:13-2571, 2014 WL 4064002, at *10 (S.D. Tex. Aug. 25, 2014) (finding remand required on the same grounds).

### 2. The ALJ did not err in her treatment of Young's subjective complaints and symptoms.

Young argues the ALJ erred by finding that Young's statements regarding the intensity, persistence, and limiting effects of his symptoms are not entirely credible. Young contends the

8

ALJ erred in making this finding because the ALJ failed to acknowledge or consider the evidence of Young's "steady work history." Dkt. 17 at 16. Young is correct that work history is a relevant factor to be considered when assessing whether a claimant's symptoms are consistent with the record. *See Garza Mundy v. Berryhill*, Case No. 1:18-cv-172, 2019 WL 5269177, at *6 (S.D. Tex. Sep. 12, 2019) (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(3)). However, an ALJ is "not required to mechanically follow every guiding regulatory factor in articulating reasons for denying or weighing credibility." *Id.* (citations omitted) (quoting *Giles*, 433 F. App'x at 249 n.30).

To support his argument, Young cites *Roberson v. Colvin*, in which the court "agree[d] that the solid 30-year work history described in plaintiff's brief should have been a consideration in assessing credibility." *See Roberson v. Colvin*, No. 2:13-CV-197, 2015 WL 1408925, at *7 (N.D. Tex. Mar. 27, 2015). However, the *Roberson* court ultimately held that, "while it would have been better for the ALJ to acknowledge plaintiff's 30-year consistent work history, the failure to reference such in his findings does not mean he was not aware of the history. No reversible error has been shown." *Id.* As was the case in *Roberson*, Young has failed to show the ALJ was unaware of his work history.

Although the ALJ did not expressly discuss Young's work history, she provided a narrative discussion in support of her finding that Young's subjective complaints and symptoms were not entirely consistent with the record. Tr. 19-21. Therefore, the ALJ's failure to discuss Young's work history is not reversible error. *See Garza Mundy*, 2019 WL 5269177, at *6 (citations omitted) ("[I]t is not reversible error when the ALJ fails to consider plaintiff's work history to determine credibility. Any failure to consider work history as a factor constitutes harmless error."); *see also Belcher v. Berryhill*, Civil Action No. 6:17-CV-53, 2018 WL 3621211, at *6 (S.D. Tex. June 22, 2018) (citing *Bryant v. Astrue*, 272 F. App'x 352, 356 (5th Cir. 2008)) ("If the ALJ provides an

9

adequate narrative discussion explaining the basis behind his reasoning, he need not address every factor.").

### III. Conclusion

The ALJ erred by failing to expressly address the factors set forth in § 404.1527(c) when assigning only some and little weight to the opinions of Young's treating physician in the absence of any competing first-hand medical evidence.  The ALJ did not err by failing to expressly discuss Young's work history.  Young's Motion is **GRANTED**, the Commissioner's Motion is **DENIED**, and the Commissioner's final decision is **REMANDED** for further consideration of the treating physician's opinions using the six factors set forth in § 404.1527(c).

Signed at Houston, Texas on January 25, 2021.

Christina A. Bryan
United States Magistrate Judge